**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

UNITED STATES OF AMERICA

Plaintiff,

Criminal Case No. 24-cr-20198
Civil Case No. 26-cv-10047

v.

Hon. Brandy R. McMillion
United States District Judge

ANTONIO YOUSIF,

Defendant.
______________________________/

**OPINION AND ORDER DENYING DEFENDANT'S MOTION TO VACATE, SET ASIDE, OR CORRECT A SENTENCE (ECF NO. 38)**

This matter is before the Court on Antonio Yousif's ("Defendant") *pro se* Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C § 2255. ECF No. 38. Yousif pled guilty to wire fraud under 18 U.S.C. § 1343. ECF No. 19. The Court sentenced him to 48 months' imprisonment. The Court also ordered him to pay $1,460,908 in restitution, jointly and severally with Leah Bennett, and entered a personal forfeiture money judgment of $730,454.00. ECF No. 36, PageID.301, 306. Defendant now moves to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. *See generally* ECF No. 38. He raises three grounds: (1) ineffective assistance of counsel at sentencing; (2) a due process violation arising from the loss calculation;

and (3) legal error in imposing joint-and-several restitution and a forfeiture money judgment without defendant-specific findings. *Id.*

For the reasons set forth below, Petitioner's § 2255 Motion is **DENIED**. Petitioner's request for an evidentiary hearing is likewise **DENIED**, and the Court **DECLINES** to issue a certificate of appealability.

## I.

### A. The Offense Conduct and Plea Agreement

From around July 12, 2020 through August 19, 2020, Yousif engaged in a scheme to defraud state unemployment agencies. ECF No. 19, PageID.61. In doing so, he filed, or caused to be filed, fraudulent applications using the names and Social Security numbers of individuals without their knowledge or consent. *Id.* at PageID.61-62. Yousif arranged for the funds to be deposited to debit cards and mailed to addresses associated with him. *Id.* at PageID.62. On July 21, 2020, he withdrew $1,000 of fraudulently obtained funds from an ATM in the Eastern District of Michigan. *Id.*

The Presentence Investigation Report ("PSR") further identified about 91 claims originating from a single IP address. *See* ECF No. 25, PageID.133. Those claims used the personal identifying information of more than 10 victims. *Id.* The IP address belonged to Yousif's then girlfriend, Leah Bennett. *Id.* at PageID.132. Yousif's phone also contained the personal identifying information of numerous

unknown individuals. *Id.* Approximately $1.46 million dollars in Pandemic Unemployment Assistance funds were disbursed based on these fraudulent claims. *Id.* at PageID.131. The PSR, therefore, set the loss attributable to Yousif at more than $550,000 but less than $1,500,000. *Id.*

On April 16, 2024, a grand jury indicted Yousif on thirteen counts of wire fraud and one count of aggravated identity theft. ECF No. 1. On June 20, 2025, Yousif signed a plea agreement to one count of Wire Fraud. ECF No. 19, PageID.59. The terms of the agreement included, in relevant part: 1) an acknowledgment that the Court would determine Yousif's ultimate guideline range at sentencing; 2) that the Government would recommend a sentence that does not exceed the top of the guideline range, but that recommendation would not bind the Court; 3) that the Court would enter restitution as to every identifiable victim of the scheme; and 4) that the Government would forfeit any proceeds directly or indirectly traceable from the scheme. *Id.* at PageID.65-73.

Yousif also waived the right to collateral appeals under 28 U.S.C. § 2255, with the exception of properly raised ineffective assistance of counsel or prosecutorial misconduct claims. *Id.* at PageID.74. He further waived "any constitutional or statutory challenges in any manner to any forfeiture carried out in accordance with this plea agreement on any grounds . . . ." *Id.* at PageID.73-74. The Government indicated that it would take the position that the loss fell between

$550,000 and $1,500,000, but Yousif reserved the right to contest this calculation at sentencing. *Id.* at PageID.63. The Court, satisfied that Yousif understood the terms of the agreement, accepted Yousif's guilty plea on June 24, 2025. ECF No. 45, PageID.458.

**B. Sentencing**

At sentencing, the Court calculated—over Yousif's objections—a total offense level of 20 and a criminal history category of 5, yielding a guideline range of 63 to 78 months. *Id.* at PageID.404.[1] The Government recommended a sentence of 63 months. *Id.* at PageID.406. Defense counsel requested 24 months. *Id.* at PageID.408. The Court imposed a below-guidelines sentence of 48 months, along with $1,460,908 in restitution and a money judgment of $730,454. *Id.* at PageID.420, 425. Restitution was ordered to be paid jointly and severally with Leah Bennett. *Id.* at PageID.426. The Judgment was entered on October 16, 2025. *See generally* ECF No. 36.

Defendant filed this Motion to Vacate under §2255 on January 6, 2026, arguing 1) ineffective assistance of counsel at sentencing, 2) the loss calculation violated due process, and 3) a legal error as to the Court's calculation of joint-and-several restitution and forfeiture. *See generally* ECF No. 38.

---

[1] The sentencing transcript reflects a Total Offense Level of "10" at PageID.404. The calculation at PageID.402-403 (Base Offense Level 7, plus 14 for the Loss Amount Calculation, plus 2 for Victim Enhancement, minus 3 for Acceptance of Responsibility) yields "20," which with a Criminal History Category of "V," results in the 63-78 month range the Court announced.

**II.**

To prevail on a 28 U.S.C. § 2255 motion, a movant must show, by a preponderance of evidence, one of three things: (1) an error of constitutional magnitude; (2) a sentence outside statutory limits; or (3) an error of fact or law so fundamental that it rendered the whole proceeding invalid. *Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006).

A constitutional error must have had a substantial and injurious effect on the proceeding. *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999). Non-constitutional errors must be so egregious as to amount to a complete miscarriage of justice or a due process violation. *Id.* The Defendant bears the burden of showing he is entitled to relief. *See Potter v. United States*, 887 F.3d 785, 787-88 (6th Cir. 2018).

The habeas statute provides for an evidentiary hearing "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief . . . ." 28 U.S.C. § 2255(b). No evidentiary hearing is required if the petitioner's allegations "cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Valentine v. United States*, 488 F.3d 325, 333 (6th Cir. 2007) (quoting *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir.1999)).

## III.

Defendant brings forth several claims related to the loss attributed to him under U.S.S.G. § 2B1.1, along with the resulting restitution and forfeiture orders. *See* ECF No. 38, PageID.365. He also argues that his counsel was ineffective at sentencing. *Id.* at 368-372. The Court construes these claims liberally, as it is required to do given Yousif's *pro se* status. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). Even under this more lenient standard, all the Defendant's claims fail. The challenges to restitution and forfeiture are not cognizable under § 2255. The loss calculation claim is waived, procedurally defaulted, and not cognizable. It also fails on the merits in any event. The ineffective assistance claims fail because Yousif demonstrates neither deficient performance nor prejudice.

### A. Restitution and Money Judgment Calculation Error

Yousif argues that the Court erred by imposing $1,460,908 in joint-and-several restitution and a $730,454 forfeiture judgment, without identifying what losses were attributed to him specifically. *See* ECF No. 38, PageID.354-355. Yousif requests that this Court reduce both to reflect an individualized loss calculation. *Id.* at PageID.356. Section 2255, however, is available only to prisoners requesting release from custody. *See United States v. Watroba*, 56 F.3d 28, 29 (6th Cir. 1995). Claims contesting monetary penalties are therefore non-cognizable under § 2255. *Id.*

To the extent Yousif contends that the Court's calculation of restitution and forfeiture also inflated his custodial sentence, that is a guidelines challenge. The Court addresses it next.

**B. Due Process Violation**

Yousif asserts, with no legal support, that the Court's calculation of loss was speculative and violated due process. *See* ECF No. 38, PageID.353. The claim fails at several steps.

*1. Waiver and Procedural Default*

First, Yousif waived his right to a collateral review of his sentencing in the Plea Agreement. The Plea Agreement provides that he "waives any other right he may have to challenge his conviction or sentence by collateral review, including, but not limited to, any right he may have to challenge his conviction or sentence by collateral review under 28 U.S.C. § 2255 (except for properly raised ineffective assistance of counsel or prosecutorial misconduct claims, as described above) . . . ." ECF No. 19, PageID.74-75.

It is well-settled that a Defendant may waive any right, whether statutory or constitutional, through a plea agreement. *United States v. Bradley*, 400 F.3d 459, 463 (6th Cir. 2005). Such a waiver is enforceable if it is entered into knowingly, intelligently, and voluntarily. *Watson*, 165 F.3d at 489.

Here, Yousif does not allege any defect in his Plea Agreement. To the contrary, Yousif expressly disclaimed any challenge to his conviction or guilty plea. ECF No. 38, PageID.347. While he reserved the right to challenge the Government's calculation at sentencing, which he exercised, this did not preserve the right to relitigate the Court's ruling on collateral review. Accordingly, the waiver is enforceable.

*2. Cognizability*

Even if the claim was not waived, it is not cognizable. Errors in applying the advisory Sentencing Guidelines are non-constitutional. They warrant §2255 relief only if they amount to "a fundamental defect which inherently results in a complete miscarriage of justice." *Davis v. United States*, 417 U.S. 333,346 (1794). This is an exceptionally high bar and sentences within the statutory maximum fall short. *See Harrington v. United States*, No. 19-2461, 2020 WL 7587588, at *2 (6th Cir. July 8, 2020); *see also Snider v. United States*, 908 F.3d 183, 191 (6th Cir. 2018); *Bullard v. United States*, 937 F.3d 654, 658-61 (6th Cir. 2019). Here, the crime Defendant pled to carries a maximum statutory penalty of 20 years. ECF No. 19, PageID.60. He ultimately received a sentence of 48 months, well below the maximum. ECF No. 36, PageID.301. Under these facts, Section § 2255 cannot provide the requested relief.

### *3. Merits*

Despite the procedural faults, Yousif's claim also fails on the merits. The claim rests on Yousif's assertion that the Court did not conduct an individualized assessment. The Sentencing Guidelines hold a defendant accountable for two categories of conduct: 1) all acts and omissions that he "aided, abetted, counseled, commanded, induced, procured, or willfully caused," and 2) the acts of others that were within the scope of that activity, in furtherance of it, and reasonably foreseeable in connection with it. U.S.S.G. § 1B1.3(a)(1)(A); 1B1.3(a)(1)(B).

When a court relies on the latter, also known as jointly undertaken activity, it must make a particularized finding as to the scope of the activity the defendant agreed to undertake and its foreseeability. *United States v. Donadeo*, 910 F.3d 886, 895 (6th Cir. 2018). In determining scope, courts consider six factors: "(1) the existence of a single scheme; (2) similarities in modus operandi; (3) coordination of activities among schemers; (4) pooling of resources or profits; (5) knowledge of the scope of the scheme; and (6) length and degree of the defendant's participation in the scheme." *Id.*

Here, however, the Court's finding rested in the first instance on § 1B1.3(a)(1)(A). The Court found Yousif accountable for the full loss because he aided and abetted the overall scheme, even if he did not personally withdraw every dollar. ECF No. 42, PageID.391. The fact that the claims producing the $1,460,908

loss were filed from the same IP address and an address associated with both Yousif and Bennett supported such a finding. *Id.* at PageID.389. The Court also credited the Government's proffer with Bennett, whereby she stated that Yousif taught her how to carry out the scheme and that the two shared the proceeds. *Id.* at PageID.391-392. A defendant who teaches another how to commit fraud has, at a minimum, counseled and induced it. The loss amount was therefore properly calculated and attributed to Yousif.

**C. Ineffective Assistance of Counsel**

In his final claim, Yousif alleges that he received ineffective assistance of counsel at sentencing, entitling him to relief under § 2255. *See* ECF No. 38, PageID.365. This claim falls within the exception to his collateral-review waiver. He argues that counsel failed to: 1) require the Court, the Government, and the Probation Office to conduct an individualized loss analysis, 2) object to the loss calculation, 3) object to restitution as a distinct inquiry under 18 U.S.C. § 3664, and 4) challenge the personal forfeiture judgment. ECF No. 38, PageID.366-367.

To prevail on an ineffective assistance of counsel claim under the Sixth Amendment, Yousif must establish both deficient performance and prejudice, as outlined in *Strickland v. Washington*, 466 U.S. 668 (1984). Proving deficient performance "requires a showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment." *Id.* at

689. Counsel's performance must have fallen below an objective standard of reasonableness. *Id.* at 688. Judicial scrutiny is highly deferential, and there is a strong presumption that counsel's performance was reasonable. *Id.* at 689.

To establish prejudice, Yousif must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 693-94. "Where ineffective assistance at sentencing is asserted, prejudice is established if the movant demonstrates that his sentence was increased by the deficient performance of his attorney." *Spencer v. Booker*, 254 F. App'x 520, 525 (6th Cir. 2007); *see also Glover v. United States*, 531 U.S. 198, 200 (2001).

Yousif's claims fail under both prongs.

*1. Objection to Loss Calculation*

Yousif contends that counsel failed to challenge his loss calculation, which accounted for Bennett's conduct. ECF No. 38, PageID.366-367. The record shows otherwise. Counsel contested the loss calculation in writing and at the hearing, exercising the right the plea agreement reserved. In his PSR objection, counsel argued that "any discussion as to what the scope of Mr. Yousif's agreement was, is absent from the PSR," and that only a $1,000 transaction could be properly attributed to Yousif. ECF No. 27, PageID.195-196.

At sentencing, he argued that the loss figure was "grossly overvalued." ECF No. 42, PageID.388-389. He further argued that Bennett's conduct should not be

attributed to Yousif because nothing showed that he was in a conspiracy with her. *Id.* at PageID.393. This is precisely the individualized analysis Yousif faults counsel for failing to request.

The Court considered counsel's arguments and found that the Government's evidence supported attributing the full $1,460,908 to Yousif. *Id.* at PageID.391-392. Counsel is not ineffective because an argument was made that didn't succeed, and Yousif's contrary declaration cannot create a factual dispute where the record refutes it. *See Valentine*, 488 F.3d at 333.

Nor was counsel deficient for declining to press the objection further. A defendant who "falsely denies, or frivolously contests, relevant conduct that the court determines to be true" risks losing credit for acceptance of responsibility. U.S.S.G. § 3E1.1 cmt. n.1(A). Pressing a sound objection while preserving the three-level reduction Yousif ultimately received was a reasonable strategy. Counsel's performance was not deficient.

Nor was Yousif prejudiced. The Court heard and rejected counsel's argument. Yousif identifies no additional evidence or argument counsel could have offered that would have produced a lower loss finding. There is no reasonable probability that more of the same would have changed the sentence.

### 2. *Objections to the Court's Findings*

Yousif also argues that counsel was ineffective for failing to "require" the Government, Probation, and the Court to present a defendant-specific loss analysis. ECF No. 38, PageID.366-367. The Court first notes that counsel cannot "require" third parties to do anything. From what the Court can best discern, Yousif is attempting to argue that counsel failed to object to the Court's finding on the loss calculation. Specifically, that counsel should have objected to the adequacy of the Court's findings on the scope and foreseeability of jointly undertaken criminal activity.

The distinction is not without merit as the Sixth Circuit treats an objection to the loss amount as distinct from an objection to the adequacy of the Court's attribution findings. *See generally United States v. Donadeo*, 910 F.3d 886 (6th Cir. 2018). Although counsel objected to the loss calculation, he did not separately object to the sufficiency of the Court's findings.

But Yousif was not prejudiced because the Court's findings were sufficient. As explained above, the Court found that Yousif aided and abetted the scheme. That finding was grounded in the shared IP and physical addresses and in Bennett's account of Yousif's role. *See supra* Part III.B.3. An objection would have been futile, and counsel is not ineffective for failing to raise a meritless objection. *See Coley. Bagley*, 706 F.3d 741, 752 (6th Cir. 2013). Accordingly, this claim fails.

*3. Objection to Restitution and Forfeiture Money Judgment*

Yousif argues that counsel was deficient for failing to demand proof of causation for the restitution amount imposed. ECF No. 38, PageID.367. Additionally, he challenges defense counsel's failure to ensure that the money judgment imposed traced directly to proceeds he obtained. *Id.* Although challenges to money judgments are generally not cognizable under § 2255, they may be reviewed as part of ineffective assistance of counsel claims. *Weinberger v. United States*, 268 F.3d 346, 351 & n.1 (6th Cir. 2001). Here, however, the claims are without merit.

Counsel's performance was not deficient regarding the restitution claim because he did object at the sentencing. ECF No. 42, PageID.405. In any event, Yousif was not prejudiced. 18 U.S.C. § 3664(h) authorizes the Court to make each defendant who contributed to a victim's loss liable for the full amount. As discussed, the Court found that the full $1,460,908 was attributable to the scheme Yousif aided and abetted with Bennett. Yousif offers no alternative calculation and no basis to conclude that a different restitution figure was probable. *See Duke v. United States*, No. 26-1012, 2026 LX 226962, at *8 (6th Cir. May 26, 2026) (denying an ineffective assistance of counsel claim on similar grounds).

Yousif's forfeiture claim likewise fails for a lack of prejudice. His assertion that the forfeiture amount would have been lower but for counsel's lack of objection

is speculative and unsupported. "Conclusory allegations alone, without supporting factual averments, are insufficient to state a valid claim under § 2255." *Gabrion v. United States*, 43 F.4th 569, 578 (6th Cir. 2022) (cleaned up).

What is more, the forfeiture money judgment of $730,454 was not untethered from Yousif's conduct. It is exactly half of the total loss, consistent with Bennett's account that she and Yousif shared the proceeds. Yousif identified nothing suggesting he obtained less.

Accordingly, Yousif's ineffective-assistance claims fail.

**D. Evidentiary Hearing**

Yousif requests an evidentiary hearing. He contends that the record lacks individualized findings and that counsel's reasons for not presenting defendant-specific challenges cannot be determined from the existing record. ECF No. 38, PageID.356. The Court disagrees.

No hearing is required. The sentencing transcript shows that counsel did challenge the loss attribution and the restitution amount, and that the Court made findings on attribution. *See* generally ECF No. 42. Yousif's contrary allegations are contradicted by the record or are conclusory. *See Valentine*, 488 F.3d at 333. Because the motion, files, and records conclusively show that Yousif is entitled to no relief, his request for an evidentiary hearing is denied. 28 U.S.C. § 2255(b).

### E. Certificate of Appealability

A certificate of appealability may be issued only if the movant "has made a substantial showing of the denial of a constitutional right.' 28 U.S.C. § 2253(c)(2). That standard requires a showing that a reasonable jurist could debate whether the motion should have been resolved differently. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Reasonable jurists would not debate the Court's conclusions here. The Court therefore declines to issue a certificate of appealability.

## IV.

For these reasons, Yousif's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (ECF No. 38) is **DENIED**. His request for an evidentiary hearing is **DENIED**, and a certificate of appealability is **DENIED**.

**IT IS SO ORDERED.**

Dated: November 9, 2026
Detroit, Michigan

s/Brandy R. McMillion
HON. BRANDY R. MCMILLION
United States District Judge